UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANK HANEY, in his individual capacity, SCOTT ANDERSON, RICHARD CROSBY, ED GEESER, JAN MANSFIELD, DAVID DALE JOHNSON, JOHANNA KOSLOFSKI, DEE PREMO, KEVIN HORTSMAN, SARAH PIPITONE, ANTHONY PIPITONE, DENNIS GREIER, JUDY GREIER, GERRY MILLER, CAROL MILLER, BECKY ECKER, MARK BEAULIEU, JANICE BUTITTA, JIM BUTITTA, JODI AMANS, JACKIE SCIORTINO, KEITH THOMPSON, BRENDAN BLACKLER, LORRAINE BLACKLER, KRISTIN DIXON, LESLIE HANEY, MARILYN PALADINO, JOHN PALADINO, NICK PALADINO, DOM GRISANZIO, BARB BETTS, BRENDA CHRISTIANSEN, KEN CHRISTIANSEN, PATRICIA ALMS, GARY ALMS, BILL GELSHEN, JANETTE GRISANZIO, VITO GRISANZIO, MICHAEL GRISANZIO, PHYLLIS GRISANZIO, FRANK GIAMMARESE, ROBERT HANEY, MARY JO HANEY, WILLIAM GEHLSEN, MARY KAY GEHLSEN, DOMINIC PALADINO, JENNIFER LAVASSEUR and BRIAN MAIER, | | |
| | | |
| Plaintiff, | | |
| | | |
| v. | | No. 3:19-cv-50191 |
| | | |
| WINNEBAGO COUNTY BOARD, THE COUNTY OF WINNEBAGO, DAVID BOOMER, in his official capacity, DAVE FIDUCCIA, in his official capacity, JOE HOFFMAN, in his official capacity, FRED WESCOTT, in his official capacity, JIM WEBSTER, in his official capacity, JAMIE SALGADO, in his official capacity, ANGIE GORAL, in her official capacity, DOROTHY REDD, in her official capacity, DAVE TASSONI, in his official capacity, BURT GERL, in his official capacity, STEVE SCHULTZ, in his official capacity, KEITH MCDONALD, in his official capacity, and PAUL ARENA, in his official capacity, | | |
| | | |
| Defendants. | | |

870029v1

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Frank Haney ("Haney") and Scott Anderson, Richard Crosby, Ed Geeser, Jan Mansfield, David Dale Johnson, Johanna Koslofski, Dee Premo, Kevin Hortsman, Sarah Pipitone, Anthony Pipitone, Dennis Greier, Judy Greier, Gerry Miller, Carol Miller, Becky Ecker, Mark Beaulieu, Janice Butitta, Jim Butitta, Jodi Amans, Jackie Sciortino, Keith Thompson, Brendan Blackler, Lorraine Blackler, Kristin Dixon, Leslie Haney, Marilyn Paladino, John Paladino, Nick Paladino, Dom Grisanzio, Barb Betts, Brenda Christiansen, Ken Christiansen, Patricia Alms, Gary Alms, Bill Gelshen, Janette Grisanzio, Vito Grisanzio, Michael Grisanzio, Phyllis Grisanzio, Frank Giammarese, Robert Haney, Mary Jo Haney, William Gehlsen, Mary Kay Gehlsen, Dominic Paladino, Jennifer Lavasseur and Brian Maier ("Citizen Plaintiffs") (collectively, the "Plaintiffs"), by their attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd. and Daniel Law Office, P.C., and submits this Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, against Defendants Winnebago County Board (the "Board"), the County Of Winnebago (the "County"), David Boomer, Dave Fiduccia, Joe Hoffman, Fred Wescott, Jim Webster, Jamie Salgado, Angie Goral, Dorothy Redd, Dave Tassoni, Burt Gerl, Steve Schultz, Keith Mcdonald, and Paul Arena (collectively, the "Defendants") and states as follows:

1. Plaintiffs filed a Verified Complaint for Injunctive and Declaratory Relief on August 12, 2019 with this Court.

2. The Verified Complaint alleges that the Defendants violated the Plaintiffs' right to vote, violated Haney's due process and equal protection rights, and retaliated against Haney in violation of his freedom of speech when the Defendants restricted Haney's ability to speak at Board meetings and passed and implemented various ordinances which stripped Haney of his

2

870025v1

duties and responsibilities for which he was elected and constructively terminated Haney from his position midterm.

3.     The Plaintiffs now seek a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, preventing Defendants from enforcing Ordinances 2017-CO-067, 2017-CO-110, 2018-CO-075, 2019-CO-005, and 2019-CO-040 and from enforcing any ordinances that further restrict or change the duties and responsibilities of Haney, until a hearing can be held on the merits of the Plaintiffs' Verified Complaint filed in this matter, case no. 3:19-cv-50191.

4.     A preliminary injunction preserves the status quo pending a final hearing on the merits of the case. *Foster v. Ghosh,* F.Supp.3d 974, 978 (N.D.Ill. 2013).  To warrant the issuance of a preliminary injunction, the plaintiff must demonstrate: (1) a reasonable likelihood of prevailing on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm absent the injunctive relief.  *Entertainment Software Ass'n v. Chicago Transit Authority*, 696 F.Supp.2d 934, 939 (N.D.Ill. 2010). The court then weighs the irreparable harm plaintiff will suffer absent injunctive relief with the harm defendant will suffer if relief is granted. *Id.* The court also considers whether the injunction will sufficiently harm the public interest such that it should be denied. *Id.*

5.     The Plaintiffs have a reasonable likelihood of prevailing on the merits as the Plaintiffs can show that the chances of succeeding on their claims are better than negligible.

6.     There is no adequate remedy at law and Plaintiffs will suffer irreparable harm absent injunctive relief as monetary damages are not an adequate remedy for Plaintiffs injuries.

7.     The irreparable harm to the Plaintiffs outweighs any harm to the Defendants as Defendants will not be harmed if this injunction is granted as the preliminary injunction will simply

3

870025v1

restore the duties and rights that Haney had when he was elected to Office of the Chairman and preserve the status quo until the Court can have a hearing to decide the case on the merits.

8.      Finally, granting a preliminary injunction in favor of the Plaintiffs will not harm the public interest because it is in the public's best interests for Haney to continue to represent their interests and not to be stripped of his duties and responsibilities midterm.

9.      Accordingly, the Plaintiffs meet the required elements for issuance of a preliminary injunction as completely set forth in their Memorandum in Support of their Motion for Preliminary Injunction, filed contemporaneously with the instant Motion.

WHEREFORE, for the reasons stated herein, Plaintiffs Haney and Citizen Plaintiffs pray that this Court will grant its request for a Preliminary Injunction and such other and further relief that this Court deems fit and proper.

Respectfully submitted,

**Haney and Citizen Plaintiffs**

By: ___s/ Kenneth M. Florey_____
                One of their attorneys

Kenneth M. Florey
M. Neal Smith
**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.**
2990 N. Perryville Rd, Suite 4144B
Rockford, IL  61107-6814
Phone: 815.390.7090
Fax: 630.783.3231
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com

4

870025v1

Mark Daniel
**Daniel Law Office, P.C.**
17W733 Butterfield Road, Unit F
Oakbrook Terrace, IL 60181
Phone: 630.833.3311
mark@thedaniellawoffice.com

870025v1