UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANK HANEY, in his individual capacity, SCOTT ANDERSON, RICHARD CROSBY, ED GEESER, JAN MANSFIELD, DAVID DALE JOHNSON, JOHANNA KOSLOFSKI, DEE PREMO, KEVIN HORTSMAN, SARAH PIPITONE, ANTHONY PIPITONE, DENNIS GREIER, JUDY GREIER, GERRY MILLER, CAROL MILLER, BECKY ECKER, MARK BEAULIEU, JANICE BUTITTA, JIM BUTITTA, JODI AMANS, JACKIE SCIORTINO, KEITH THOMPSON, BRENDAN BLACKLER, LORRAINE BLACKLER, KRISTIN DIXON, LESLIE HANEY, MARILYN PALADINO, JOHN PALADINO, NICK PALADINO, DOM GRISANZIO, BARB BETTS, BRENDA CHRISTIANSEN, KEN CHRISTIANSEN, PATRICIA ALMS, GARY ALMS, BILL GELSHEN, JANETTE GRISANZIO, VITO GRISANZIO, MICHAEL GRISANZIO, PHYLLIS GRISANZIO, FRANK GIAMMARESE, ROBERT HANEY, MARY JO HANEY, WILLIAM GEHLSEN, MARY KAY GEHLSEN, DOMINIC PALADINO, JENNIFER LAVASSEUR and BRIAN MAIER,<br><br>       Plaintiff,<br><br>    v.<br><br>WINNEBAGO COUNTY BOARD, THE COUNTY OF WINNEBAGO, DAVID BOOMER, in his official capacity, DAVE FIDUCCIA, in his official capacity, JOE HOFFMAN, in his official capacity, FRED WESCOTT, in his official capacity, JIM WEBSTER, in his official capacity, JAMIE SALGADO, in his official capacity, ANGIE GORAL, in her official capacity, DOROTHY REDD, in her official capacity, DAVE TASSONI, in his official capacity, BURT GERL, in his official capacity, STEVE SCHULTZ, in his official capacity, KEITH MCDONALD, in his official capacity, and PAUL ARENA, in his official capacity,<br><br>       Defendants. | | No. 3:19-cv-50191 |

1

870030v1

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Frank Haney ("Haney") and Scott Anderson, Richard Crosby, Ed Geeser, Jan Mansfield, David Dale Johnson, Johanna Koslofski, Dee Premo, Kevin Hortsman, Sarah Pipitone, Anthony Pipitone, Dennis Greier, Judy Greier, Gerry Miller, Carol Miller, Becky Ecker, Mark Beaulieu, Janice Butitta, Jim Butitta, Jodi Amans, Jackie Sciortino, Keith Thompson, Brendan Blackler, Lorraine Blackler, Kristin Dixon, Leslie Haney, Marilyn Paladino, John Paladino, Nick Paladino, Dom Grisanzio, Barb Betts, Brenda Christiansen, Ken Christiansen, Patricia Alms, Gary Alms, Bill Gelshen, Janette Grisanzio, Vito Grisanzio, Michael Grisanzio, Phyllis Grisanzio, Frank Giammarese, Robert Haney, Mary Jo Haney, William Gehlsen, Mary Kay Gehlsen, Dominic Paladino, Jennifer Lavasseur and Brian Maier ("Citizen Plaintiffs") (collectively, the "Plaintiffs"), by their attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd. and Daniel Law Office, P.C., and submits this Memorandum of Law in support of their Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, against Defendants Winnebago County Board (the "Board"), the County of Winnebago (the "County"), David Boomer, Dave Fiduccia, Joe Hoffman, Fred Wescott, Jim Webster, Jamie Salgado, Angie Goral, Dorothy Redd, Dave Tassoni, Burt Gerl, Steve Schultz, Keith Mcdonald, and Paul Arena (collectively, the "Defendants") and states as follows:

## I.     INTRODUCTION

Plaintiffs filed a Verified Complaint for Injunctive and Declaratory Relief on August 12, 2019 with this Court. The Verified Complaint alleges that the Defendants violated the Plaintiffs' right to vote, violated Haney's due process and equal protection rights, and retaliated against Haney in violation of his freedom of speech when the Defendants restricted Haney's ability to

870030v1

speak at Board meetings and passed and implemented Ordinances 2017-CO-067, 2017-CO-110, 2018-CO-075, 2019-CO-005, and 2019-CO-040 (collectively the "Ordinances") which stripped Haney of his duties and responsibilities for which he was elected and constructively terminated Haney from his position midterm. As further described herein, the Plaintiffs request that this Honorable Court issue a preliminary injunction preventing Defendants from enforcing the following Ordinances: 2017-CO-067, 2017-CO-110, 2018-CO-075, 2019-CO-005, and 2019-CO-040; and from enforcing any ordinances that further restrict or change the duties and responsibilities of Haney for the reasons stated herein.

## II.    STATEMENT OF FACTS

Haney is the Chairman of the Winnebago County Board ("Chairman"). The Chairman was elected with over 60,000 votes in the November 8, 2016 election for Chairman of the Winnebago County Board (the "Election"), after running on a platform of government reform highlighted through his ACT (Accountability, Collaboration and Transparency) Initiative. Some of the reform efforts the Chairman ran on include: (1) implementing anti-nepotism policies that extended to the Chairman's Office and Board members; (2) implementing a number of transparency initiatives and increased communication with the Board and public, especially in regards to financial and budget matters; (3) supporting reduction in mid-year reserve spending, changes to host fee spending, and advocating against investing County incentives on retail-related development projects; (4) developing public and private partnerships related to regional planning, blight reduction and neighborhood revitalization, workforce development, youth outreach, and public safety;  (5) revamping the outdated, closed, and overly political appointment process when an elected official does not finish his or her term; and (6) supporting an overhaul of multiple county departments.  Plaintiffs were registered voters and voted for Haney in the Election.

3

Since the voters elected Haney Chairman, he has attempted to implement these reforms and other reforms of Winnebago County government. However, Haney's efforts to implement reform have been thwarted by a majority of the Board through the passage of ordinances that, midterm, eliminate the authority and powers of the Chairman position, which have existed for over 25 years, since the position of Chairman was created in 1992.

The first in a series of changes to Haney's position began on June 22, 2017, when the Board passed Ordinance 2017-CO-067, which required Haney to seek Board approval before terminating either the County Administrator or the Chief Financial Officer. Prior to this Ordinance, Haney had sole authority on whether to terminate either of these positions.

Five months later, on November 21, 2017, the Board passed Ordinance 2017-CO-110, which removed the requirement that the County Administrator be a resident of the County if certain qualifications are met. It also allows the County Administrator to appoint his or her designee to assist in the supervision of the County departments he or she oversees rather than the Chairman.

Eight months later, on July 26, 2018, the Board passed Ordinance 2018 CO-075, which shifted several duties from the Chairman to the County Administrator, including appointment and dismissal of department heads, union negotiations, and other financial duties. This represented a sweeping shift of organizational authority from the Chairman to the County Administrator in a manner that completely excluded the Chairman from engaging in or having final say on duties that had resided with the Chairman position for over 25 years.

Six months later, on January 24, 2019, the Board passed Ordinance 2019-CO-005, which removed the Chairman's authority and power to supervise, direct and control the County Administrator and instead placed such authority and power with the Board and placed additional County departments solely under control of the County Administrator. Additionally, it removed

4

the ability of the Chairman to assign other duties to the County Administrator and gave this power to the Board. This midterm power shift completely fractured the day-to-day working environment between the Chairman and those directly involved in driving the change. Engagement and information sharing by staff to the Chairman on core issues like budget, policy development, and partnership development became almost non-existent overnight. Practically speaking, this change ensured the Chairman's executive authority—the power residing in the chairmanship position when Haney was elected--no longer existed and relegated the Chairman position to nothing more than, at best, an advisory role. With the changes, the Chairman, who has no legislative power because the Chairman is not a member of the County Board, basically has no more executive authority than a lobbyist or watchdog outside the organization.  Multiple Board members, remarked, although in the minority view, that this change was retaliation over a policy disagreement on a recent appointment of the open State's Attorney position and an economic development project. As is not uncommon on high profile issues, both items sparked much debate on the Board and in the community. Subsequently, on February 12, 2019, the State's Attorney sent a letter to Haney informing him that she believes the Board is correct in prohibiting him from speaking at Board meetings.

One month later, on March 28, 2019, the Board passed Ordinance 2019-CO-040, which stripped considerable executive authority from the Chairman. These changes include, but are not limited to, removing the power of the Chairman to oversee, hire, and fire the County Administrator, as well as remove the Chairman's ability to recommend a budget, participate in short-term planning and negotiate any economic or other operational agreements.

5

The July 26, 2018 Ordinance change, coupled with the January 24, 2019 and the March 28, 2019 Ordinance changes, essentially removed the Chairman position from the organizational chart, both figuratively and literally.

The Board continues to try to pass ordinances that strip duties and responsibilities from Haney. On July 25, 2019, the majority of the Defendants passed two new ordinances that amend Section 2-168 and 2-89 of the Winnebago County Code of Ordinances. The first ordinance amends Section 2-168 of the Winnebago County Code of Ordinances to allow the Chief of Human Resources or the County Administrator to recommend, appoint, discipline or dismiss the Human Resource Director or for the Board to perform these functions in their absence. The second ordinance amends Section 2-89 of the Winnebago County Code of Ordinances to remove the Chairman's duties of appointing, re-appointing and reviewing department heads annually and gives the County Administrator, with the advice and consent of the Board, the duty to appoint or re-appoint department heads for positions not mentioned in the Winnebago County Code of Ordinances or in state statute. Additionally, the responsibility of performing annual reviews of the department heads is given to the County Administrator and two Board members.

The position of Chairman has been under endless threat of change over the past two years. The Defendants through the passage of several ordinances have stripped Haney of his duties and responsibilities as Chairman and have constructively terminated his position midterm.
The changes implemented by the Board have come in retaliation to Haney's actions to reform County government, Haney's speaking out against the Board's recent actions, and/or Haney's election at the November 2016 election. Haney has been vocal about reforms that need to be passed in order to eliminate unethical conduct and improve accountability and transparency in Winnebago County government, including speaking out against "the old guard" government and that he hopes

6

870030v1

to have more inclusion and diversity in government. As a result, the majority of the Board has repeatedly placed limitations on Haney's position and have re-assigned many of Haney's responsibilities to the County Administrator who, unlike Haney, is not an elected official. Additionally, Defendants have restricted Haney's authority to speak at Board meetings about pending ordinances. These Ordinances have restricted the duties and responsibilities of Haney, and removed important checks and balances in government without the consent of the electorate via referendum. Further, the actions disregard the will of the voters, who elected Haney, county-wide, and do not allow Haney to perform the functions vested to him by law in the Office of Chairman.

Based on the foregoing, the Plaintiffs are requesting that the Defendants be enjoined from enforcing the following Ordinances: 2017-CO-067, 2017-CO-110, 2018-CO-075, 2019-CO-005, and 2019-CO-040; and that the Defendants be enjoined from enforcing any ordinances that further restrict or change the duties and responsibilities of Haney.

## III.    ARGUMENT

To warrant the issuance of a preliminary injunction, the plaintiff must demonstrate: (1) a reasonable likelihood of prevailing on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm absent the injunctive relief. *Entertainment Software Ass'n v. Chicago Transit Authority*, 696 F.Supp.2d 934, 939 (N.D.Ill. 2010). The court then weighs the irreparable harm plaintiff will suffer absent injunctive relief with the harm defendant will suffer if relief is granted. *Id.* The court also considers whether the injunction will sufficiently harm the public interest such that it should be denied. *Id.*

### A. Plaintiffs have a reasonable likelihood of prevailing on the merits of their claims.

The Court should grant Plaintiffs' request for a preliminary injunction because there is a likelihood of success on the merits of their claim. Plaintiff does not have to prove absolute success on the merits but only that chances of succeeding on the claim are 'better than negligible'. *Valencia v. City of Springfield*, 883 F.3d 959 (7th Cir. 2018). The Plaintiffs assert that they will prevail on their right to vote, violation of due process, and equal protection claims, and therefore, the Plaintiffs can meet this element for a preliminary injunction.

### 1. Right to Vote

The Plaintiffs have a fundamental right to vote. *See* Ill. Const. 1970, art. III; U.S. Const. amend XIV; *Bush v. Gore*, 531 U.S. 98 (2000). Legislation that affects any state of the election process that deprives a vote of its natural and intended effect implicates the right to vote. *Tully v. Edgar*, 171 Ill.2d 297, 306 (1996). An elected official cannot be prohibited from holding office for the term in which he was elected. *Id*. The electorate's right to vote is violated if after elected to office an act, policy, or ordinance results in the elected official being terminated midterm, without cause. *East St. Louis Federation of Teachers 1220 v. East St. Louis School district No. 189 Financial Oversight Panel*, 178 Ill.2d 399, 414 (1997); *Tully v. Edgar*, 171 Ill.2d 297 (1996) (finding that the Public Act that was put in place after the trustees were elected to office violated the electorate's right to vote when the act had the effect of removing the trustees from office before their terms had expired). Legislation that has the effect of prohibiting an elected official from serving the term for which he was elected eviscerates the election process and violates the fundamental right to vote. *Tully*, 171 Ill.2d at 306. Similarity, equal protection rights are violated when through arbitrary and disparate treatment one person's vote is given more value than that of another. *Bush*, 531 U.S. at 104.

870030v1

Plaintiffs were registered voters in the Election and voted for Haney to be elected Chairman. After Haney was elected, Plaintiffs' votes were nullified by the Ordinances which stripped Haney of his duties and responsibilities for which he was elected. Haney, who ran on a campaign of reform, has done nothing to justify his position being terminated midterm and has not been given a reason as to why his duties and responsibilities have been stripped by the Board. The Board has not taken the appropriate steps to remove Haney, if any. The Ordinances establish a total disregard for all the votes cast by citizens in the Election and have constructively removed Haney from his position midterm, without cause. The Ordinances have the effect of nullifying the result of a valid election and effectively remove Haney, whom the citizens elected to serve, midterm. Even though Haney received the majority of the vote cast, with over 60,000 votes in the Election, he is effectively being prohibited from holding office for the term for which he was elected. The position of Chairman was created in 1992 and since that time the voters of Winnebago County have elected a Chairman to represent their interests. The duties and responsibilities given to the Chairman did not change until after Haney was elected and attempted to reform unethical practices at the County and implement accountability and transparency measures in County government. All prior Chairmen to Haney have enjoyed the same duties and responsibilities. However, as the Defendants did not like Haney's reform efforts or his management style, the Defendants passed the Ordinances to constructively remove Haney from his position, which in turn had the effect of nullifying the Plaintiffs' votes. As Plaintiffs' votes have been effectively nullified by the Ordinances, the Defendants have through arbitrary and disparaging treatment decided that the Plaintiffs' votes will be given less value than that of voters in the past. This violates the Plaintiffs' fundamental right to vote.

9

870030v1

### 2.      Due Process

Haney has a right to due process.  "[A]n elected official that is entitled to hold office under state law has a property interest in that office which can be taken from him only by procedures meeting the requirements of due process." *Brown v. Perkins*, 706 F.Supp. 633, 634 (N.D.Ill. 1989) citing *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979) (internal citations omitted); *see also Gordon v. Leatherman*, 450 F.2d 562 (5th Cir. 1971). Due process requires a pre-termination notice and an opportunity to be heard *prior* to the individual being deprived of their property interest. *Brown v. Perkins*, 706 F.Supp. at 634; *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). This requires a hearing or some pre-termination opportunity to respond. *Cleveland*, 470 U.S. at 541. A fundamental due process requirement is for the party to be given the "opportunity to present reasons, either in person or in writing, why proposed action should not be taken." *Cleveland*, 470 U.S. at 546.

Haney is an elected official that is entitled to hold office under 55 ILCS 5/2-3007 and Winnebago County Code of Ordinances, art. II, § 2-46 for a period of four years. See 55 ILCS 5/2-3007; Winnebago County Code of Ordinances, art. II, § 2-46.  The four year term commences on the first Monday of the month following the election and continues until his successor is elected and qualified. *Id.* No statutory provisions exist to remove a county board chair without cause.  As Haney is an elected official that is entitled to hold office under state law, Haney has a property interest in the Office of Chairman. *Brown v. Perkins*, 706 F.Supp. at 634. Before Haney may be deprived of his property interest in his office, he must be afforded due process. Haney was deprived of his property interest in his office through various ordinances that were passed after he was elected that stripped Haney of his duties and responsibilities and constructively terminated his

870030v1

position. The Defendants violated Haney's right to due process by not providing him with notice and not affording him an opportunity to present his objections before he was deprived of his protected right to office.

### 3. Class-of-One – Equal Protection

Haney has a right to class-of-one equal protection right. The Equal Protection Clause protects individuals from being singled out arbitrarily and irrationally for poor treatment by the government or government actors. *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016). An example of this is when a public official out of spite or some improper motive treats a citizen harshly for no conceivable purpose. *Id.* A class-of-one claim requires the plaintiff to show discrimination by a state actor and that there is no rational basis for the treatment. *Id.* at 706. A plaintiff is not required to identify similarly situated individuals where the alleged facts, such as a pattern of conduct towards plaintiff, clearly suggest harassment by the state actor and there is no conceivable legitimate purpose for the harassment. *Id.* at 707.

Haney has a Fourteenth Amendment right to equal protection. *See Id.* The Defendants acted with malice when they passed at least five ordinances over the past two and a half years that single out Haney in an attempt to strip away all of his duties and responsibilities, restrict his ability to speak at Board meetings and constructively terminate his position within the County midterm. This pattern of conduct by the Defendants clearly shows harassment and there is no conceivable legitimate purpose for the Defendants' behavior. Additionally, it is a clear deviation from the duties and responsibilities delegated to past Chairmen. Haney's duties and responsibilities were stripped, his ability to speak at Board meetings was restricted, and he was constructively terminated for speaking out about government reform, actions of the Board, or policy disagreements with the Board when similarly situated past Chairmen who committed the same or

worse conduct did not have their duties or responsibilities stripped, were not restricted in their ability to speak at Board meetings or have their position constructively terminated.

Plaintiffs have demonstrated that there is a likelihood of success on the merits of their claims and therefore this element has been satisfied.

**B.      No adequate remedy exists and Plaintiffs will suffer irreparable harm absent injunctive relief.**

There is not an adequate remedy at law and Plaintiffs will suffer irreparable harm absent injunctive relief as monetary damages are not an adequate remedy for Plaintiffs injuries. "[T]he requirements of irreparable harm and lack of an adequate remedy at law tend to merge. *Northwest Pallet Supply Co. v. Peco Pallet, Inc.*, 2016 WL 8671902, *5 (N.D.Ill. 2016) (Exhibit 1). An injury is considered irreparable when it cannot be easily measured in monetary terms, such as an injury to reputation or goodwill. *EnVerve, Inc. v. Unger Meat Co.*, 779 F.Supp.2d 840, 844 (N.D.Ill. 2011). Irreparable injury is typically presumed in First Amendment cases as monetary damages will not adequately compensate the party for their depravation of First Amendment freedoms. *Entertainment Software*, 696 F.Supp.2d at 939.

Here, monetary damages are not an adequate remedy as the Defendants are violating Plaintiffs constitutional rights to equal protection, free speech, due process, and right to vote. Haney has a property interest in the Office of Chairman and is entitled to that office until his term ends in November 2020. Plaintiffs are facing ongoing irreparable harm on a daily basis as a result of Defendants actions as Haney is not allowed to perform the duties and responsibilities for which he was elected. Haney is being restricted from speaking at Board meetings and is left with the title of Chairman but unable to perform the functions that he was validly elected to perform.  No monetary amount will compensate the Chairman for his inability to speak at Board meetings or restore his duties and responsibilities for which he was elected or compensate the 60,000 voters

12

who elected the Chairman. As Plaintiffs' injuries cannot be compensated for in monetary terms, there is no adequate remedy at law and Plaintiffs will suffer irreparable harm absent injunctive relief. This is exactly the type of harm that a primary injunction is used to prevent. Therefore, Plaintiffs have demonstrated that these element have been satisfied.

**C.     The irreparable harm to Plaintiffs outweighs the harm to Defendants if relief is granted.**

The irreparable harm that the Plaintiffs will suffer if the injunction is not granted clearly outweighs the irreparable harm to the Defendants if relief is granted.  As described herein, if the injunction is not granted, Plaintiffs' constitutional rights will continue to be violated by Defendants' actions.  Haney has a property interest in the Office of Chairman and he has a property interest in that office until his term ends in November 2020. *See Brown v. Perkins*, 706 F.Supp. at 634.  Similarity, Plaintiffs, who voted Haney into office, are being deprived of their right to vote and to have their vote equally be accounted for. *See East St. Louis*, 178 Ill.2d at 414; *Tully*, 171 Ill.2d at 306; *Bush*, 531 U.S. at 104. On the contrary, the Defendants will not be harmed if the preliminary injunction is granted. The preliminary injunction will simply restore the duties and rights that Haney had when he was elected to Office of the Chairman and preserve the status quo until the Court can have a hearing to decide this case on the merits. Therefore, the irreparable harm to Plaintiffs clearly outweighs the harm Defendants will suffer if relief is granted.

**D.     Granting a preliminary injunction in favor of Plaintiffs will not harm the public interest.**

A preliminary injunction will not harm the public interest, but will actually benefit and promote the public interest. Haney was elected with over 60,000 votes after running on a platform of government reform highlighted through his ACT initiative. His platform of government reform is part of the reason that Haney was elected. The Defendants, through the passage of the

13

Ordinances, have, against public policy, retaliated against Haney for his reform efforts and constructively terminated Haney's position midterm and nullified an otherwise valid election. This has the effect of disenfranchising the voters and depriving the voters of having their chosen elected official represent them.  It is in the public interest to have Haney, a Chairman that was validly elected, represent their interests.  Because of this, the granting of the preliminary injunction would not harm the public interest but instead benefit and promote the public interest.

WHEREFORE, for the reasons stated herein, Plaintiffs Haney and Citizen Plaintiffs pray that this Court will grant its request for a preliminary injunction and such other and further relief that this Court deems fit and proper.

Respectfully submitted,

**Frank Haney and Citizen Plaintiffs**

By: ___s/ Kenneth M. Florey_____
One of their attorneys

Kenneth M. Florey
M. Neal Smith
**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.**
2990 N. Perryville Rd, Suite 4144B
Rockford, IL  61107-6814
Phone: 815.390.7090
Fax: 630.783.3231
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com

Mark Daniel
**Daniel Law Office, P.C.**
17W733 Butterfield Road, Unit F
Oakbrook Terrace, IL 60181
Phone: 630.833.3311
mark@thedaniellawoffice.com

14

870030v1